**Julian JOSEPH, et al., Plaintiffs,**

**v.**

**UNITED STATES DEPARTMENT OF LABOR, et al., Defendants.**

**Civ. A. No. 90–3060.**

United States District Court, District of Columbia.

Oct. 3, 1991.

Shelley Davis, Migrant Legal Action Program, Bruce Goldstein, Farmworker Justice Fund, Washington, D.C., Robert Williams, Florida Rural Legal Services, Immokalee, Fla., for plaintiffs.

Thomas S. Rees, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Plaintiffs are two United States farm workers who bring this action challenging a decision of defendant United States Department of Labor ("DOL") that it would not set a prevailing wage rate for seed cane cutters in the Florida sugar cane industry for the now completed harvest year 1990–1991. *See* Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq., as amended by* Immigration Reform and Control Act

of 1986, P.L. 99–603; 20 C.F.R. §§ 655.-102(b)(9), 653.501(d)(4). Plaintiffs contend that DOL's failure to set a prevailing wage deprived them of a higher minimum pay rate than the one they received. The issues are before the Court on defendants' motions to dismiss for mootness and failure to join indispensable parties. The motions have been fully briefed, and at argument the possibility of remand was also examined.

I

DOL argues that this case is moot because the 1990–1991 cane cutting season is over, the agency has already set the prevailing rate for the next growing season, and the controversy is not capable of repetition. In regard to the last point, defendants contend that the inclusion of Special Agricultural Workers ("SAWs"), which skewed the results of DOL's previous attempt to set a prevailing wage for the 1990–1991 harvest season, can never happen again as the result of the decision in *Wint v. Yeutter*, 902 F.2d 76 (D.C.Cir. 1990). In addition, defendants point out that the Department's recent administrative holding in *In the Matters of Florida Fruit and Vegetable Association v. United States Department of Labor*, No. 91–TLC–004 (Sept. 6, 1991), insures that a piece rate of at least $.07 per foot (the same rate the plaintiffs are seeking for the 1990–1991 season) will be guaranteed in the future.

But this case looks to the past. If plaintiffs do manage to have a prevailing rate set at $.07 per foot for the 1990–1991 harvest season, they may be able to obtain back wages from employers for that season, during which plaintiffs received a lower minimum wage. Either DOL could require back pay, or plaintiffs could bring a subsequent action in Florida to require the growers to make back payments. This Court (Richey, J.) ordered similar retroactive relief on comparable facts in *NAACP,*

*Jefferson County Branch v. Donovan*, 566 F.Supp. 1202, 1210 (D.D.C.1983).

■ DOL's further argument, that the case is moot because the problem created by the SAWs can never occur in the future, is equally misplaced. The crux of plaintiffs' argument is a challenge to defendants' treatment of task wage rates, not its treatment of SAWs.[1] Specifically, plaintiffs argue that the Department was wrong in aggregating the range of different task wage rates under a single category and in determining that task wage rates cannot be used to comprise a prevailing wage. Although this controversy over task-wage aggregation, which DOL has not yet resolved either retroactively or prospectively, is highly technical and its resolution difficult, significant differences exist between the plaintiffs' and defendants' positions with regard to the Department's methodology, and the need for resolution of those differences makes plaintiffs' claims not moot.

II

■ Defendants next argue that the case should be dismissed for failure to join indispensable parties, namely, the growers. According to DOL, the rights of the growers are being litigated in the case, in that a judgment here for plaintiffs will likely be used against the growers in a subsequent action—either a judicial or an administrative action—to collect back pay.

The Court disagrees with defendants' reasoning. Plaintiffs' action is simply a challenge of agency methodology under the Administrative Procedure Act, 5 U.S.C. § 553 *et seq.* The question of whether the Department acted arbitrarily and capriciously can be resolved on the record without the participation of the growers. Furthermore, even a judgement in favor of plaintiffs would result only in a remand; and should a remand be ordered, the grow-

---

**1.** It seems to the Court only a matter of chance that for the 1990–1991 harvest season, many task wage employees were SAWs. Even though SAWs are no longer eligible for inclusion one way or the other, DOL has not shown that SAWs were the only task wage employees for the 1990–1991 harvest season or that the number of task wage employees will from now on be only a negligible percentage of the relevant work force.

ers will have as much chance to participate in the process as they ever would.

### III

The question of whether a remand is necessary to set a prevailing wage cannot be resolved on the present record. As the Court indicated during oral argument, a remand does seem to be appropriate. Nonetheless, because the issue of how the SAWs should be treated for the 1990–1991 harvest season has not been briefed and argued, the Court must reserve its judgment on the question of a remand. At the status conference set by the Order denying the motions, the Court will determine how the parties desire to proceed and set dates for briefing and argument on this issue if appropriate.

The Order accompanies this Memorandum.

### ORDER

Upon consideration of defendants' motion and second motion to dismiss, the oppositions and replies thereto, and the oral arguments, and for the reasons stated in the accompanying Memorandum, it is hereby

ORDERED that defendants' motion and second motion to dismiss are denied in all respects; and it is further

ORDERED that a scheduling conference is set for October 11, 1991 at 9:15 a.m., in Courtroom 6; and it is further

ORDERED that in light of the Court's order given orally at a Status Conference on May 1, 1991, directing that plaintiff is to make and defendant is to respond to specific discovery requests, in lieu of filing the entire administrative record, and it appearing that no further discovery motions have been made to the Court since that time, plaintiffs' motion to require filing of the administrative record in bulk is denied as moot.